UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-00108-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | PROTECTIVE ORDER |
| | ) | |
| RUSTICO YABUT IGNACIO; and | ) | |
| CASSIUS FLORES SAMSON | ) | |

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), and with the agreement of the parties, ORDERED:

1. With the exception of materials described in Paragraph 2 below, counsel for the defendants ("counsel"), and anyone else directly or indirectly receiving discovery from the Government, shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not: (a) an attorney or staff member of counsel's office who is then working on this case; (b) a person otherwise employed or contracted by counsel's office to work on this case; or (c) a defendant or his counsel. Counsel shall not provide any of the above-listed individuals the discovery in this case without their agreement to the terms of this order, as described below. Nothing in this paragraph is intended to limit counsel's ability to disclose discovery materials or information to the Court.

2. Notwithstanding Paragraph 1 above, counsel may disclose certain discovery materials to Defendants' employer, Oceanfleet Shipping Limited ("Oceanfleet"), including through corporate counsel for Oceanfleet. The materials covered by this paragraph include documents obtained by the Government from the *M/V Ocean Hope* and other materials that the

Government knows to be in the possession of Oceanfleet Shipping Limited or Oceanic Illsabe Limited. The Government will identify these specific materials to Defendants in the manner proposed in the consent motion. Provided however, that Counsel shall not provide Oceanfleet (including corporate counsel) the discovery in this case without Oceanfleet's agreement to the terms of this order, as described below.

3. Counsel may disclose and discuss discovery material provided by the United States with a person being interviewed or contacted by counsel as a potential witness in this case, and any counsel representing such potential witness(es), but shall not provide copies of discovery material to anyone not authorized in Paragraphs 1 and 2 above.

4. Counsel shall not provide the defendants with any copies of discovery in this case that contain confidential personal identity information (i.e., bank account numbers and personal identification information such as DOB, SSN, home address, and taxpayer-identification numbers) of any person other than the defendants without redaction of the personal identity information, consent of an attorney for the Government who is working on this case, or further order of this Court.

5. Discovery material provided by the United States may be utilized by counsel for the defendants solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case, and for no other purpose and in connection with no other proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

6. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's

contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

7. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 14th day of January 2016.

Malcolm J. Howard
Senior United States District Judge